Mr. Delosa appeals a decision from the Court of Appeals for Veterans Claims which we believe misinterpreted the provisions of 38 U.S.C. 5103 A d2 when it concluded that the Board had not erred in determining that the 3rd McClendon element, which is in fact the 3rd subsection of d2 C, was not met and that a medical examination was not warranted. The 3rd McClendon element derives in fact from the statutory provisions of 5103 A and explicitly provides that a medical examination in compensation cases is required when the record does not contain sufficient medical evidence for the Secretary to make a decision on the claim. In order to make a decision on this claim, there has to be evidence one way or the other of nexus of a relationship between the current disability and the injury or disease that was incurred in or aggravated during service. Can you just clarify something for me? I thought that the argument here was about requirement B, not requirement C. No, I believe it's about requirement C, which is the nexus requirement, Your Honor. Of 5103 A d2? A d2, yes. Okay. In its decision, the court below recognized that the Board of Veterans' Appeals had expressly refused to obtain a medical nexus opinion on the ground that the record was silent for nexus between the veteran's current disability and his active service. Mr. Carpenter, you're asking us to look at the sufficiency of evidence. No, Your Honor, I'm not. What the Veterans Court did was to accept a decision of the Board of Veterans' Appeals, which relies upon a misinterpretation of the statute. The statute expressly requires the VA to provide assistance when the record does not contain sufficient medical evidence. But whether the record contains sufficient evidence, the sufficiency of the record is an evidentiary issue. And if it were a question of sufficiency in terms of reviewing evidence which existed, Your Honor would be absolutely right. But the decision of the Board was that the record was silent. How can we even respond to your argument without this court reviewing the sufficiency of the evidence? Because this court can examine whether or not the silence of the record on the question of nexus is a sufficiency element. The silence is another way of saying an absence. Yes, that's correct. No evidence. And that goes to sufficiency. Yes, but absence of evidence is not evidence, as has been held by this court as well as the court below. The lack of evidence or the want of evidence is an issue of sufficiency. Yes, Your Honor, but it's also a legal concept. How do we have jurisdiction to hear your appeal? Because the absence of evidence, the silence of this record on the pertinent question necessary to make a decision in this case, which is the question of nexus, the Board said was not there. And it was not there because the VA had made no attempt to assist the veteran. And the Board affirmed the VA's violation of its duty to assist by saying that this record contains no evidence about nexus. And therefore, you can't meet the third requirement or one of the elements of entitlement to service-connected compensation. But do you see my point? I mean, you're asking us to go in and weigh and see if there is nexus, if there's a sufficiency to show. I have a problem with that, counsel. Well, and I can appreciate that, Your Honor, but I think Your Honor is taking the notion of sufficiency out of the undisputed facts in this record. The facts of this case are not in dispute that there was no nexus evidence in this record. If there's no evidence of nexus, then the decision cannot be made. There isn't sufficient evidence because there's no evidence. The statute mandates that the veteran be provided this assistance. To accept the interpretation made by the Board and affirmed by the Veterans Court allows the VA to arbitrarily say, you veteran didn't go out and develop your own evidence. That impermissibly reverses the roles. Congress expressly imposed in this expanded statutory duty to assist statute an express obligation that when there's no evidence or insufficient evidence to make a decision, then the burden is on the VA to provide that. The VA cannot defend having not assisted the veteran by saying that the record is absent of any nexus evidence, which is precisely what the Board did in this particular case. I appreciate your arguments on the duty to assist, but your fundamental argument is on C. 5103AC, correct? 5103A-D2-C. That says, does not contain sufficient medical evidence for a secretary to make a decision on the claim. We're talking about a service connection claim. The ruling below was that there was not sufficient medical evidence. No, the ruling below was that the Board did not err in its determination that what they referred to as the third McClendon element or that element was not met and that a VA examination was not required. This entire statute is about when a medical examination or opinion is necessary. And it's necessary when you can't make a decision based upon the evidence in the record. The decision below is that it's not necessary when there's a complete failure to have a nexus between the disability and service connection. That's correct, Your Honor. And that is a simple misinterpretation of the intent of Congress in this statute. Congress intended that when there was an absence, when the record didn't contain... No, that's an evidentiary ruling. The decision, when you look at it and you're trying to determine if a sufficient nexus exists between a disability and service connection, what you're doing is you're looking at facts. But, Your Honor, with respect, we're not looking at facts when the Board concedes that there are no facts. That there are no facts is an evidentiary ruling, isn't it? Your Honor, I believe in this case it's an indisputed fact. And the question presented by this appeal is whether or not when you have no evidence, is the VA allowed to desist in its duty to assist the veteran? And in our view, it would be a misinterpretation and was a misinterpretation by both the Board and the Veterans Court to allow the duty to assist not to have been afforded this veteran. Can I just ask this thing because I guess I'm... I didn't think I was confused when I came in here, but I think I am. Well, I apologize if I... So, the third McClendon factor is in fact B under the statute, not C. An indication that the disability or persistent recurrent symptoms may be associated. I thought that your argument, or at least one of your arguments, was this. That the Board mistakenly, as in Waters, as in, what's that decision? Colantino. Oh, Colantonio. Colantonio. Mistakenly insisted on medical evidence to meet that requirement. And Waters said no, and Colantonio said it sort of looks like maybe they misinterpreted the statute. Send it back to eliminate that legal error. Why is that not... I mean, is that what you're arguing? Well, it is, Your Honor, and unfortunately this all tends to merge because the evidence, if you will, overlaps between these three elements. And the question is whether or not, and you're absolutely correct, the lay evidence about the connection is sufficient to trigger the requirement under C to obtain that necessary medical opinion. You have to meet all three of the statutory requirements in order to implicate or trigger the VA's duty to assist. And what I guess I was focusing on is that the Board clearly says, never mind your evidence, you're not a doctor. Now, to the extent that it was doing that, as I think it was, on the B element, it indicates that the disability may be associated, which is the second statutory element and the third McClendon element. Correct, Your Honor, and I apologize for the confusion. That seems to me, I don't know what the right language is, tainted by a misunderstanding, a Waters misunderstanding, and that the Veterans Court didn't correct that, and therefore that maybe an inquiry into whether this standard is met, the standard for triggering a requirement of getting a medical examination, needs to be reconsidered without importing the requirement of competent medical evidence into this element. I believe that's correct, Your Honor. But even if we go down that path, because you've switched arguments here this morning, but let's say we go down that path, and now you're asking us to look at whether Mr. DeLosa's lay testimony is competent evidence. Isn't that a factual issue? Yes, Your Honor, that is a factual issue. Then we have no jurisdiction over your appeals. I disagree. Because this Court's case law clearly says that when the facts are not in dispute, that the application goes to the question of law in terms of the interpretation of the statute. And there is no doubt in this case that the Board expressly excluded the VA's duty to assist this Veteran by obtaining what we believe was the necessary medical opinion to fill this nexus gap, to meet both the elements of, or to meet the medical nexus requirement, which they relied upon as being completely silent. But it was not completely silent because the Veteran's lay testimony was there. He clearly has a current disability, and he associated that with the symptoms of the condition that he described that he had while in service with the current disability that he is currently diagnosed with. And it is that duty to assist that is at the heart of this statute. And therefore, when the facts are not in dispute, it becomes a question of law before this Court. I see that I'm way over into my rebuttal time. I'll save the balance. Thank you, Mr. Carpenter. Mr. Hunter. Good morning, and may it please the Court. The Court should affirm because the Veterans' Court did not misinterpret 38 U.S.C. Section 5103a.d.2. There is a jurisdictional argument that we raise. Given the oral argument here today, it sounds like many of the issues that Mr. DeLosa attempts to raise are, in fact, barred under 7292. The competency of lay evidence for a specific purpose is a factual determination that this Court lacks jurisdiction to review. But we don't lack jurisdiction here any more than we did in Waters or Colantonio to say that when the Board uses the term competent evidence, which is a term in the first requirement and is not a term in the second requirement, that it may well have confused what's required for the second element. Certainly. If the extent of Mr. DeLosa's argument is simply that the law was misinterpreted, and that's it when it comes to 5103a.d.2, that's a legal question. That the Court can review. But there are various points in Mr. DeLosa's brief where he makes arguments, where he basically says that, in his opinion, a medical examination was necessary. That's a reply brief, page 7. He comes out and says that. That's a factual question. So to the extent that the Court's review is limited to that one issue, then yes, this looks like Waters. And even in Waters, Wells, Colantonio, the Court was careful to point out that we are getting very close to a line, and that 7292 line. In fact, this Court in 2011, in an unpublished decision called Deloney, that looks very much like Mr. DeLosa's argument, did dismiss for lack of jurisdiction. So we just want the Court to be aware that we are skating very close to contravening 7292. Right, but what this particular statutory provision is really quite centrally about is giving the claimant a medical examination in circumstances where, without that, you can't really answer the fundamental statutory question about service connection, and where there's some, almost by definition, non-medical evidence to think that this might be associated. So this seems right at the heart of what this statutory provision is about. Certainly, in the abstract, you don't disagree with anything that the Court just said, that this provision, Congress sought to set up a scheme whereby the Secretary had to play by certain rules. So we have a concrete situation, and we have an abstract philosophy, which, if applied in the abstract, would certainly give this veteran the medical exam. So where is the dividing line as a matter of VA policy, where the duty to assist is explicitly withheld, and assistance is explicitly withheld, and the veteran's position is that, if provided, it might establish the claim? Sure. Congress has enumerated the requirements in 5103A. And that's exactly what we're looking at. And that's where we would look for the dividing line. And I don't see anything in that enumeration which says that, if it's unlikely, that it would help the veteran, you don't have to provide the assistance. Well, the standard is that there is an indication that the present disability may be associated with the veteran's service. And in this case, the adjudicator, the RO, determined that that was not, in fact, the case, that that threshold level was not met. And that's what adjudicators... So the veteran says that I need an examination to show the connection. And the position of the VA is that you're not going to get it? No, I don't think there's a general position like that at all. What happens is that... Is there a specific position in this case? Well, look at what the RO did. The RO has an obligation to determine whether or not the duty to assist is fulfilled in every case. That goes to duty to notify, duty to get a medical examination, and the like. The RO here took a look at the evidence of record per 5103A.D. and said, in this case, that that duty did not require the provision of a medical examination in Mr. DeLose's circumstances. So they say that the duty to assist does not apply in this case? That's correct. And why? Because it's unlikely to help? Because there wasn't any sufficient affirmative factual evidence? No, and actually, let me amend my earlier statement. The duty to assist applies in every case, full stop. It was withheld. So it obviously doesn't apply to this veteran. Well, we disagree that it was withheld in this case. If Congress had wanted a medical examination to issue in every single veteran's claim, it wouldn't have gone to the trouble of articulating the factors for a medical examination in 5103A.D. That's not the question. The question is what is needed, not do you give it to everybody? Well, I think that gets to whether it's necessary, and that's a factual question. On this Court's decision in De La Rosa, it's very clear that when a particular medical examination is necessary for purposes of 5103A.D. too, that is a factual question that the Court will not address. But, I mean, I guess we may just be going around in circles, but the Board determined, the Board did, this is JA 5152, you know the passage that I'm talking about, that the reason it thought that no medical exam was necessary, this element that indicates the middle element, the B element, was that the claimant here isn't the doctor, what does he know about etiology? And that is not the right inquiry, which means the only factual determination by the Board, never mind the RO, by the Board, appears to be tainted by an incorrect legal standard about what evidence counts for that crucial middle element. We disagree with that, and let me sort of explain why. In this case, we have the confluence of basically two principles enumerated in the law. One is the standard of under 5103A.D. too, purely as articulated, in the indicates may be associated with, that's one side. The other side is the Court's precedence regarding lay testimony. That comes from cases like Jandreau, Davidson, Buchanan. And in Jandreau, the sort of core holding of Jandreau was, there can be no categorical exclusion of lay testimony. That is improper under the Veterans Benefit Scheme. But there can be a couple of things. One, there can be a weighing of that evidence. Number one, that's fine. The Board need not accept lay testimony. It certainly can reject it and say it's outweighed by other testimony of record or what have you. But importantly, in footnote four of Jandreau, the Court noted, this Court noted that there are situations when lay testimony is insufficient. Things like diagnosis. In footnote four, the Court gave an example of something like cancer. Something like cancer on a case-by-case basis may not be amenable to lay testimony. A diagnosis of cancer may be beyond the ken of a lay person. The other example contrasting that that the Court gave was a broken leg. Something like a broken leg may well be within the ken of a lay person. So while there can be no categorical exclusion of lay testimony, you can't have a situation where here is the evidence, and the examiner comes across the lay statement and says, oh, I see it's a lay statement. I'm going to go no further. I'm just putting it aside. It's not going to be reviewed. That is error, and that would be a problem. That's not what happened here. That's not what the Veterans Court found happened here. The Veterans Court found that the lay testimony was considered, and that there was a determination made that bipolar disorder, in this case, looked a lot more like the Court's example of cancer in Jandreau footnote four than the example of a broken leg. And so we have these two principles coming together in 5103a.d.2. And so when there is lay testimony that is proffered as the basis, the indication that the current disability may be associated with the military service, those principles articulated in Jandreau still apply, and there's no suggestion that those principles of lay testimony wouldn't apply. There's certainly nothing in the law that we're aware of. So here, that's what the Board did. The Board said we have bipolar disorder. That's not something that a typical person, in this case, given the record, that can be diagnosed, essentially self-diagnosed. We need something more than that. We're looking for medical examination or something else. I don't think the Board actually said. No, the problem is that what the Board said was the Veteran himself has provided statements that his bipolar disorder is related to service. However, he is not competent to provide evidence of a diagnosis or etiology of a condition. The record is silent for annexes. Now, that doesn't sound to me like weighing or something tied to just very intuitively. Mental disorders, including bipolar disorder, may actually be affected in whether they come out and cause symptoms by something like being in the military. Certainly. I would direct the Court to Joint Appendix, page 55, where there's a further discussion of lay testimony. And actually, the Board said in this case, the Veteran's contentions are outweighed by the probative medical evidence of record. So there is a suggestion there that there was a weighing. That's not in the duty-to-assist portion. That's correct. I think there's a reference in the duty-to-assist portion where they say, as explained below, and I think that certainly the Board's decision should be read in its totality, not in isolation. So there is no error with respect to 5103A-D2 here. And it sounds like the arguments are changing a little bit, but fundamentally the question is, is McClendon the right law? McClendon is the right law. There's been no argument that McClendon was wrongly decided, and it sounds like Mr. DeLosa embraces it here. The Court and the Board, the Veterans Court and the Board, cited McClendon, cited 5103A-D2, cited the applicable VA regulation, 3.159, and got the law right. There's no suggestion that there was some misinterpretation. And I guess I would add that if the Court is at all concerned that there was a possible misinterpretation, I think the most that Mr. DeLosa could get would be something in the vein of a remand for clarification as opposed to a reversal and the benefits that he seeks. Unless there are any further questions, we respectfully ask that the Court dismiss this appeal or alternatively affirm the decision of the Veterans Court. Okay. Thank you, Mr. Hunter. With respect to my colleague's presentation on diagnosis, the issue in this case is not diagnosis and whether or not the Veteran was or wasn't competent to make the diagnosis of his condition. There was competent medical evidence that diagnosed him with that condition. The question here is what the Board refers to as etiology,  And for me, the question is, and whether or not there is or isn't a relationship. And the Board expressly said he wasn't competent. He is competent under the duty-to-assist statute. We are only talking about the very low threshold to trigger that duty-to-assist. And in this case, it was. And when the government then refers to the testimony was outweighed, then it, Your Honor, puts us directly into a question of law because they are using the absence of evidence to outweigh the competent evidence of this Veteran that relates his current disability to what happened in service and using the absence of a medical opinion in this record that they say is silent to relate that question back to service. I would find merit in your argument had the Board said something like lay evidence is never competent evidence. But that's not what they said. In fact, they gave an illustration of when lay evidence is competent evidence. So then... But, Your Honor, they did that in the context, as Judge Sharapo pointed out, of the service connection determination, not in the context of the threshold question of the entitlement to the duty-to-assist. And in fact, when they talked about the duty-to-assist at page 51, going on to the top... Let me make sure I've got it correct here. Yes, of page 52 of the Joint Appendix. They talk about the Veteran himself has provided it and then they say, however, he is not competent to provide evidence of diagnosis or etiology. The first is correct. The second is incorrect as a matter of law. And it is incorrect in terms of the threshold determination because the B section is only an indication. It is a lower threshold in order to trigger that duty-to-assist. Respectfully, we'd ask the Court to reverse the decision and the Court will up. Thank you very much.